**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5092

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYANT LAMONT PLANTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00372)

Submitted: April 19, 2007       Decided: April 23, 2007

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Angela Parrott, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Thomas Tullidge Cullen, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryant Lamont Planter appeals his conviction and one hundred month sentence following his guilty plea to one count of possessing with intent to distribute cocaine base and marijuana, in violation of 18 U.S.C. § 841(a)(2000), and to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(2000). Planter's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but suggesting that the district court erred in sentencing Planter.

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the one hundred month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the district court's decision to deny Planter's request for a variance from the guideline range was reasonable, and its determination of the sentence within the range was reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006). ("[A] sentence imposed within the properly calculated [g]uidelines range [. . .] is presumptively reasonable.") (internal quotation marks and citation omitted).

Planter also challenges the use of prior convictions that were neither admitted by him nor found by the jury, in calculating

his criminal history category. The fact of a prior conviction need not be proven beyond a reasonable doubt. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 233-36, 243-44 (1998); <u>United States v. Cheek</u>, 415 F.3d 349, 351-54 (4th Cir.)(reaffirming continuing validity of <u>Almendarez-Torres</u> after <u>Booker</u>), <u>cert. denied</u>, 126 S. Ct. 640 (2005). Thus, the district court was not required to make any factual findings concerning Planter's prior record, but could rely on "the conclusive significance" of his record as set out in the presentence report. <u>See</u> <u>Shepard v. United States</u>, 544 U.S. 13, 25 (2005); <u>see</u> <u>also</u> <u>United States v. Thompson</u>, 421 F.3d 278, 285 (4th Cir. 2005) (sentencing judge entitled to rely on undisputed information in presentence report that "bears the earmarks of derivation from <u>Shepard</u>-approved sources such as the indictments and state-court judgments from [defendant's] prior convictions"), <u>cert. denied</u>, 126 S. Ct. 1463 (2006). We find that the district court did not violate Planter's Sixth Amendment rights when it considered his prior convictions in determining his sentence.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED